**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| BRETMICHAEL HOOD, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 0:24-cv-62232-MD |
| v. | Judge Melissa Damian |
| THE LAMPO GROUP, LLC d/b/a RAMSEY SOLUTIONS, | |
| Defendant. | |

<u>**ANSWER TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**</u>

Defendant The Lampo Group, LLC d/b/a Ramsey Solutions ("Defendant" or "Ramsey Solutions"), by and through its attorneys, answers the allegations contained in Plaintiff's First Amended Class Action Complaint ("Complaint") as follows:

1.      The allegations in paragraph 1 are conclusions of law to which no response is required and they are, therefore, denied. To the extent this paragraph contains factual allegations, they are denied. It is admitted only that Plaintiff purports to style his Complaint in the manner so indicated.

<u>**RESPONSES TO PLAINTIFF'S ALLEGATIONS**</u>
<u>**CONCERNING THE NATURE OF THE ACTION**</u>

2.      The allegations in paragraph 2 are conclusions of law to which no response is required and they are, therefore, denied. To the extent this paragraph contains factual allegations, they are denied. It is admitted only that Plaintiff purports to style his Complaint in the manner so indicated.

3.      Paragraph 3 is denied as stated. By way of further response, Ramsey Solutions provides biblically based, common sense personal finance educational content, products and

services.  Ramsey Solutions denies that it "engages in unsolicited marketing, harming thousands of consumers in the process."  To the extent this paragraph contains further factual allegations, they are denied.

4.      The allegations in paragraph 4 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.  It is admitted only that Plaintiff purports to style his Complaint in the manner so indicated.

## RESPONSES TO PLAINTIFF'S ALLEGATIONS CONCERNING JURISDICTION AND VENUE

5.      The allegations in paragraph 5 are conclusions of law to which no response is required and they are, therefore, denied. To the extent this paragraph contains factual allegations, they are denied.

6.      The allegations in paragraph 6 are conclusions of law to which no response is required and they are, therefore, denied. To the extent this paragraph contains factual allegations, they are denied.

## RESPONSES TO PLAINTIFF'S ALLEGATIONS CONCERNING PARTIES

7.      Ramsey Solutions lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, therefore, denies the same.

8.      It is admitted that Ramsey Solutions is a Tennessee LLC whose principal office is located at 1011 Reams Fleming Blvd., Franklin, TN 37064.  The remaining allegations in this paragraph are conclusions of law to which no response is required and they are, therefore, denied.

9.      Ramsey Solutions admits only that Plaintiff intends to include the listed entities in its references to Defendant in this Complaint.  To the extent that Plaintiff intends to suggest

Ramsey Solutions is liable for the actions of the listed entities, the allegations in this paragraph are conclusions of law to which no response is required and they are, therefore, denied.

**RESPONSES TO PLAINTIFF'S ALLEGATIONS**
**CONCERNING FACTS**

10.     Ramsey Solutions denies the allegations in paragraph 10.  The screenshot that appears in this paragraph is a document that speaks for itself, and Plaintiff's characterization of its content is, therefore, denied.  To the extent this paragraph contains further factual allegations, they are denied.

11.     To the extent paragraph 11 refers to the screenshot in paragraph 10, that screenshot is a document that speaks for itself, and Plaintiff's characterization of its content is, therefore, denied.   To the extent this paragraph contains further factual allegations, they are denied.

12.     Ramsey Solutions denies the allegations in paragraph 12.  The screenshot that appears in this paragraph is a document that speaks for itself, and Plaintiff's characterization of its content is, therefore, denied.  To the extent this paragraph contains further factual allegations, they are denied.

13.     The allegations in paragraph 13 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

14.     Ramsey Solutions denies the allegations in paragraph 14.  The screenshot that appears in this paragraph is a document that speaks for itself, and Plaintiff's characterization of its content is, therefore, denied.  To the extent this paragraph contains further factual allegations, they are denied.

15.     Ramsey Solutions denies the allegations in paragraph 15.  The screenshot that appears in this paragraph is a document that speaks for itself, and Plaintiff's characterization of its

content is, therefore, denied.  To the extent this paragraph contains further factual allegations, they are denied.

16.     Ramsey Solutions denies the allegations in paragraph 16.  The screenshot that appears in paragraph 15 is a document that speaks for itself, and Plaintiff's characterization of its content is, therefore, denied.  To the extent this paragraph contains further factual allegations, they are denied.

17.     The allegations in paragraph 17 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

18.     Ramsey Solutions denies the allegations in paragraph 18.

19.     Ramsey Solutions denies the allegations in paragraph 19.

20.     Ramsey Solutions denies the allegations in paragraph 20.

21.     Ramsey Solutions lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and, therefore, denies the same.

22.     The allegations in paragraph 22 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

23.     Ramsey Solutions denies the allegations in paragraph 23.   The referenced screenshots in this paragraph are documents that speak for themselves, and Plaintiff's characterization of their content is, therefore, denied.  To the extent this paragraph contains further factual allegations, they are denied.

24.     The allegations in paragraph 24 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

25.     The allegations in paragraph 25 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

26.     The allegations in paragraph 26 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

27.     The allegations in paragraph 27 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

28.     The allegations in paragraph 28 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

29.     The allegations in paragraph 29 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

30.     The allegations in paragraph 30 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

31.     The allegations in paragraph 31 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

32.     Ramsey Solutions denies the allegations in paragraph 32.

33.     The allegations in paragraph 33 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

34.     Ramsey Solutions lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 and, therefore, denies the same.

35.     The allegations in paragraph 35 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

36.     The allegations in paragraph 36 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

37.     The allegations in paragraph 37 are conclusions of law to which no response is required and they are, therefore, denied.

38.     The allegations in paragraph 38 are conclusions of law to which no response is required and they are, therefore, denied.

39.     The allegations in paragraph 39 are conclusions of law to which no response is required and they are, therefore, denied.

40.     The allegations in paragraph 40 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

41.     The allegations in paragraph 41 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

**RESPONSES TO PLAINTIFF'S ALLEGATIONS
CONCERNING CLASS ALLEGATIONS**

**PROPOSED CLASSES**

42.     It is admitted only that Plaintiff purports to style his Complaint in the manner so indicated.  But Ramsey Solutions denies that it engaged in any wrongdoing, denies that it violated the TCPA, denies that Plaintiffs are entitled to any relief, denies that this case can be maintained as a class action, and denies that Plaintiff can represent the class of people he attempts to define.

43.     It is admitted only that Plaintiff purports to style his Complaint in the manner so indicated.  But Ramsey Solutions denies that it engaged in any wrongdoing, denies that it violated the TCPA, denies that it violated the FTSA, denies that Plaintiffs are entitled to any relief, denies that this case can be maintained as a class action, and denies that Plaintiff can represent the classes of people he attempts to define.

44.     The allegations of paragraph 44 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.  Ramsey Solutions denies that this case can be maintained as a class action.

**NUMEROSITY**

45.     The allegations of paragraph 45 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.  Ramsey Solutions denies that this case can be maintained as a class action.

46.     The allegations of paragraph 46 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.  Ramsey Solutions denies that this case can be maintained as a class action.

**COMMON QUESTIONS OF LAW AND FACT**

47.     The allegations of paragraph 47 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.  Ramsey Solutions denies that this case can be maintained as a class action.

48.     The allegations of paragraph 48 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.  Ramsey Solutions denies that this case can be maintained as a class action.

**TYPICALITY**

49.     The allegations of paragraph 49 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.  Ramsey Solutions denies that this case can be maintained as a class action.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

50.     The allegations of paragraph 50 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.  Ramsey Solutions denies that this case can be maintained as a class action.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

51.     The allegations of paragraph 51 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.  Ramsey Solutions denies that this case can be maintained as a class action.

52.     The allegations of paragraph 52 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.  Ramsey Solutions denies that this case can be maintained as a class action.

**RESPONSES TO PLAINTIFF'S ALLEGATIONS**
**CONCERNING COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(c)(2)**
**(On Behalf of the Plaintiff and the Internal Do Not Call Class)**

53.     Ramsey Solutions incorporates by reference its answers to paragraphs 1 through 52 as if set forth fully herein.

54.     The allegations in paragraph 54 purport to characterize the TCPA.  To the extent the allegations in this paragraph misconstrue, mischaracterize, or misstate the content of the TCPA, they are expressly denied.

55.     The allegations in paragraph 55 purport to characterize federal regulations related to the TCPA.  To the extent the allegations in this paragraph misconstrue, mischaracterize, or misstate the content of the regulations, they are expressly denied.

56.     The allegations in paragraph 56 purport to characterize federal regulations related to the TCPA.  To the extent the allegations in this paragraph misconstrue, mischaracterize, or misstate the content of the regulations, they are expressly denied.

57.     Ramsey Solutions denies the allegations in paragraph 57.

58.     Ramsey Solutions denies the allegations in paragraph 58.

59.     The allegations of paragraph 59 are conclusions of law and arguments to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

60.     The allegations of paragraph 60 are conclusions of law and arguments to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

61.     The allegations of paragraph 61 are conclusions of law and arguments to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.  Ramsey Solutions denies that Plaintiff is entitled to the relief sought.

62.     The allegations of paragraph 62 are conclusions of law and arguments to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.  Ramsey Solutions denies that Plaintiff is entitled to the relief sought.

63.     The allegations of paragraph 63 are conclusions of law and arguments to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

64.     The allegations of paragraph 64 are conclusions of law and arguments to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.  Ramsey Solutions denies that Plaintiff is entitled to the relief sought.

**RESPONSES TO PLAINTIFF'S ALLEGATIONS**
**CONCERNING COUNT II**
**VIOLATION OF FLA. STAT. § 501.059(5)**
**(On Behalf of Plaintiff and the FTSA "STOP" Class)**

65.     Ramsey Solutions incorporates by reference its answers to paragraphs 1 through 52 as if set forth fully herein.

66.     The allegations in paragraph 66 purport to characterize the FTSA.  To the extent the allegations in this paragraph misconstrue, mischaracterize, or misstate the content of the FTSA, they are expressly denied.

67.     The allegations in paragraph 67 purport to characterize the FTSA.  To the extent the allegations in this paragraph misconstrue, mischaracterize, or misstate the content of the FTSA, they are expressly denied.

68.     The allegations of paragraph 68 are conclusions of law and arguments to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

69.     The allegations of paragraph 69 are conclusions of law and arguments to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.

70.     Ramsey Solutions denies the allegations in paragraph 70.

71.     Ramsey Solutions denies the allegations in paragraph 71.

72.     Ramsey Solutions denies the allegations in paragraph 72.

73.     The allegations of paragraph 73 are conclusions of law and arguments to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.  Ramsey Solutions denies that Plaintiff is entitled to the relief sought.

74.     The allegations in paragraph 74 are conclusions of law to which no response is required and they are, therefore, denied.  To the extent this paragraph contains factual allegations, they are denied.  Ramsey Solutions denies that Plaintiff is entitled to the relief sought.

## **RESPONSES TO PLAINTIFF'S PRAYER FOR RELIEF**

Ramsey Solutions denies that Plaintiff is entitled to the relief sought and denies that this case can be maintained as a class action.

## RESPONSES TO PLAINTIFF'S JURY DEMAND

No response is required to Plaintiff's demand for a trial by jury. Ramsey Solutions demands a trial by jury.

## RESPONSES TO PLAINTIFF'S
## DOCUMENT PRESERVATION DEMAND

No response is required to Plaintiff's "Document Preservation Demand." Ramsey Solutions will follow all relevant Federal Rules of Civil Procedure and other laws related to the preservation of documents.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, and as additional defenses thereto, Ramsey Solutions incorporates by reference the foregoing answers as though fully set forth herein, and further alleges as set forth below. Ramsey Solutions reserves the right to assert any additional defenses that may be discovered during the course of additional investigation and discovery.

### First Defense

Plaintiff's Complaint fails to set forth a cause of action upon which relief may be granted.

### Second Defense

Plaintiff and the putative class members have not sustained any injury or damages as a result of any actions or omissions allegedly taken by Ramsey Solutions and are thus barred from asserting any claim against Ramsey Solutions.

### Third Defense

If Plaintiff has suffered any damages at all, then such damages were and are the proximate and immediate result of the actions or inactions of Plaintiff and/or parties other than Ramsey Solutions.

### Fourth Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff lacks standing.

### Fifth Defense

Plaintiff's claims and/or those of the putative class members are barred, in whole or in part, because Ramsey Solutions is not liable for the actions of third parties, including vendors.

### Sixth Defense

Upon information and belief, Plaintiff and the putative class members failed to mitigate or otherwise act to lessen or reduce the injuries and damages alleged in the Complaint.

### Seventh Defense

Plaintiff fails to allege and/or cannot prove facts sufficient to demonstrate that the alleged violations by Ramsey Solutions were willful and thus Plaintiff is not entitled to an award of treble damages against Ramsey Solutions.

### Eighth Defense

Ramsey Solutions' business practices and conduct comply with and may be expressly authorized by the law of the jurisdiction in which Plaintiff and each putative class member resides.

### Ninth Defense

Plaintiff's claims and/or those of the putative class members are barred, in whole or in part, because Ramsey Solutions did not send or cause to be sent any unauthorized communications to Plaintiff and/or the putative class.

### Tenth Defense

Plaintiff's claims and/or those of the putative class members are barred, in whole or in part, because any text messages they purportedly received were not "call[s] for telemarketing purposes" under 47 C.F.R. § 64.1200(d).

### Eleventh Defense

Plaintiff's claims and/or those of the putative class members are barred, in whole or in part, because Plaintiff and/or members of the putative class provided prior consent to receive communications from Ramsey Solutions.

### Twelfth Defense

Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23.

### Thirteenth Defense

Plaintiff's and each putative class member's claims are so unique, individual, and based on the specific conditions existing with regard to Plaintiff's and each putative class member's individualized experience such that the certification of any class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3) would be contrary to the requisite elements to justify a class action and violative of the rights of Ramsey Solutions.

### Fourteenth Defense

All claims of Plaintiff and the putative class members are barred in whole or in part by the doctrines of waiver, estoppel, and unclean hands.

### Fifteenth Defense

Plaintiff's claims and the claims of putative class members do not entitle them to: actual, general, special, incidental, statutory, treble, or other multiple, punitive, or consequential damages; pre-judgment and post-judgment interest; injunctive and/or declaratory relief; and/or attorneys' fees and costs.

### Sixteenth Defense

This Court lacks personal jurisdiction over Ramsey Solutions with respect to the claims of absent class members who do not reside in the State of Florida and who did not experience any

supposed injury as a result of alleged conduct of Ramsey Solutions in the State of Florida.  *See Bristol-Myers Squibb Co. v. Superior Court*, No. 16-466, 137 S.Ct. 1773 (2017).

### Seventeenth Defense

Ramsey Solutions complied with the requirements of 47 C.F.R. § 64.1200(d) and related laws and regulations, and to the extent that any non-complying text messages were sent to Plaintiff and/or any putative class member, Ramsey Solutions is protected by safe-harbor rules.  *See Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1265–66 (11th Cir. 2019).

### Eighteenth Defense

Judicial opinions interpreting the term "telephone call" under the TCPA to include text messages must be revisited and revised.  The term "telephone call" under the TCPA does not include text messages, and therefore Plaintiff's claims fail as a matter of law.  *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024).

### Nineteenth Defense

All claims of Plaintiff and the putative class members are barred in whole or in part because they require the extraterritorial application of the FTSA and/or violate the Dormant Commerce Clause.

### Reservation of Rights

Ramsey Solutions reserves the right to amend this pleading to assert additional defenses upon discovery of the specific facts upon which Plaintiff and/or the putative class members base their claims for relief, and upon completion of further discovery.

### Prayer for Relief

Ramsey Solutions requests judgment in its favor, together with attorneys' fees, costs and any other relief that the Court deems just and proper.

Dated: February 18, 2025

Respectfully submitted,

/s/      Clay M. Carlton
MORGAN, LEWIS & BOCKIUS LLP
Clay M. Carlton, Bar No. 85767
600 Brickell Avenue
Suite 1600
Miami, FL  33131-3075
Telephone:     +1.305.415.3000
Facsimile:      +1.305.415.3001
clay.carlton@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Ezra D. Church (*pro hac vice* forthcoming)
Terese Schireson (*pro hac vice* forthcoming)
2222 Market Street
Philadelphia, PA 19103
215.963.5000
ezra.church@morganlewis.com
terese.schireson@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Benjamin U. Kabe (*pro hac vice* forthcoming)
110 N. Wacker Street
Chicago, IL 60601
312.324.1707
benjamin.kabe@morganlewis.com

*Attorneys for Defendant*