**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-62232-CIV-DAMIAN/Valle**

BRETMICHAEL HOOD, individually and on
behalf of all others similarly situated,

    *Plaintiff*,

v.

THE LAMPO GROUP, LLC D/B/A
RAMSEY SOLUTIONS,

    *Defendant*.

_____

**JOINT MOTION TO STAY CASE PENDING MEDIATION**

    Plaintiff, Bretmichael Hood ("Plaintiff"), and Defendant, THE LAMPO GROUP, LLC D/B/A RAMSEY SOLUTIONS ("Defendant"), (collectively, the "Parties") jointly move to stay this case while the Parties engage in private mediation.  Alternatively, if the Court is not inclined to grant the requested relief based solely on this motion, the Parties request that the Court set a Status Conference to allow the parties to more fully explain the necessity of a stay and the status of the proceedings or that the Court extend all existing deadlines by an additional eight weeks. The Parties believe a stay pending mediation would be the most efficient path forward and, in support, state as follows:

    1.    On November 22, 2024, Plaintiff filed this putative class action, which alleges violations of the Telephone Consumer Protection Act ("TCPA"). DE 1.

    2.    On January 27, 2025, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint. DE 7.

3.   On February 4, 2025, Plaintiff filed his First Amended Complaint, adding an additional count based on Defendant's alleged violation of the Florida Telephone Solicitation Act ("FTSA"). DE 12.

4.   On February 18, 2025, Defendant filed its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint. DE 15.

5.   On March 14, 2025, the Parties filed a Joint Notice of Mediator Selection for Mediation to occur on July 30, 2025. DE 19.

6.   On March 17, 2025, the Court entered an Order Scheduling Mediation for this date. DE 20.

7.   Since then, the Parties have actively investigated the allegations raised in Plaintiff's Complaint, exchanged discovery, taken third party discovery from Defendant's text message vendor, and have exchange confidential work product analysis regarding the third party discovery.

8.   On June 3, 2025, after several rounds of conferrals between counsel for Plaintiff and Defendant (as well as several rounds of conferrals between counsel for Plaintiff and Defendant's text message vendor Five9, Inc.), Defendant produced work product analysis to Plaintiff, related to the text logs sent to Plaintiff and the putative classes.

9.   At this point, Defendant has incurred substantial costs with respect to litigation and discovery. Continuing to litigate will add even more expense for Defendant and will also require substantial resources to be expended on behalf of Plaintiff. The Parties wish to explore a mediated resolution of the case while preserving resources that, if not spent litigating, may be available to resolve the claims alleged in Plaintiff's First Amended Complaint. Given the Parties and their counsels' experience with TCPA & FTSA cases and their continuing efforts to resolve this case, the Parties are confident that a mediated resolution of this matter is possible.  Indeed, both

Plaintiff's and Defendant's counsel in this case have successfully mediated other TCPA and FTSA class actions and, therefore, have a high degree of confidence a resolution can be reached here.

10. Following the above-described litigation and analysis of the text message-related data, the Parties have engaged in productive conversations and have begun to work together to prepare for mediation with joint interests in a resolution.

11. On June 5, 2025, the Parties held a meet-and-confer to discuss the upcoming mediation and the need for additional time to prepare for mediation.

12. The Parties agree that mediation is likely to be the most effective and efficient means of resolving the alleged claims. The Parties agree that judicial resources will be conserved if mediation is successful.

13. Accordingly, the Parties request a stay of this case, including the pending deadlines entered by this Court on February 25, 2025 [DE 16] as well as the June 23, 2025 deadline for Plaintiff to move for class certification.

14. The Parties propose filing a joint status report within three (3) days following mediation.

15. Good cause exists for the requested stay because the Parties have affirmed their commitment to private mediation and selected a mutually agreed upon mediator. The Parties have selected a mediation date of July 30, 2025, which will give both Parties ample time to prepare for a successful mediation. Moreover, Party and judicial resources would be best allocated by allowing the Parties to explore resolution before engaging in additional costly motion practice at this time.

16. This Motion is made in good faith, not for delay or any dilatory tactic, and no party will be unduly prejudiced or harmed by the granting of this Motion. The Parties jointly request and agree to this stay pending mediation.

### Memorandum of Law

It is well-settled in the Eleventh Circuit that courts have broad discretion to control their own dockets and, as such, may (and indeed will routinely) stay cases in the interests of justice and fairness so parties can mediate disputes. *See, e.g., Barnes v. CS Mktg. LLC*, 430 F. Supp. 3d 1309, 1311 (S.D. Fla. 2020) (citing *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997); *Hawkins v. Citimortgage, Inc.,* 2014 WL 7369972, at *2 (M.D. Fla. Dec. 29, 2014) (citing *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir. 1997)); *Allstate Ins. Co. v. Electrolux Homeproducts, Inc.,* 2019 WL 7494445, at *1 (S.D. Ga. July 3, 2019) (citing *Clinton,* 520 U.S. at at 708 (1997)); *Pulley v. JPMorgan Chase Bank,* 2012 WL 2838677, at *1 (S.D. Fla. July 10, 2012). *See also Advanced Bodycare Solutions, LLC v. Thione Intern., Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) (noting courts should liberally employ mediation to expedite the resolution of cases).

District courts within the Southern District of Florida have granted stays of cases and extensions of case deadlines to allow the Parties to explore a mediated resolution of pending litigation. *See, e.g., Rodriguez v. Universal Prop. & Cas. Ins. Co*., No. 16-60442-CIV, 2016 WL 9274717, at *1 (S.D. Fla. Oct. 27, 2016) (citing *Cypress Chase Condo. Ass'n "A" v. QBE Ins. Corp*., No. 10-61987-CIV, 2011 WL 1544860, at *5 (S.D. Fla. Apr. 15, 2011) ("Federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency."); *Chico v. Dunbar Armored, Inc.*, No. 17-22701-CIV, 2017 WL 4476334, at *3 (S.D. Fla. Oct. 6, 2017) (finding good cause to justify a stay pending mediation, as a stay will conserve the resources of parties and not impose an inequity to any party).

Here, good cause exists to grant the requested stay of proceedings. The Parties have expressed a mutual commitment to engage in a mediated resolution of the alleged claims and have

agreed upon a mediator and date for mediation. Moreover, no prejudice would result as the Parties mutually agree to a stay of proceedings and corresponding extension of all deadlines.

Further good cause exists as the requested stay will preserve Party and judicial resources that would otherwise be spent in active litigation. For example, requiring the Parties to continue litigating while simultaneously attempting to mediate a resolution to the case could diminish Defendant's resources that would otherwise be available to resolve the claims set forth in Plaintiff's Complaint.

WHEREFORE, the Parties respectfully request that the Court enter an order temporarily staying the case until August 4, 2025 pending the outcome of mediation. The Parties propose submitting a joint status report within 3 days following mediation.

Dated: June 5, 2025,

Respectfully submitted,

By: */s/ Andrew Shamis*
Andrew Shamis (FBN 101754)
Email: ashamis@shamisgentile.com
Christopher E. Berman (FBN 1010654)
Email: cberman@shamisgentile.com
Shamis & Gentile, P.A.
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone: 305.479.2299

*Attorneys for Plaintiff and the putative class*

By: */s/ Clay M. Carlton*
MORGAN, LEWIS & BOCKIUS LLP
Clay M. Carlton, Bar No. 85767
600 Brickell Avenue
Suite 1600
Miami, FL  33131-3075
Telephone:  +1.305.415.3000
Facsimile:   +1.305.415.3001
clay.carlton@morganlewis.com

Ezra D. Church (*pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
215.963.5000
ezra.church@morganlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing filed via Florida e-filings portal and was sent via service E-Mail on June 5, 2025 to all counsels of record.

**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Suite 705
Miami, FL 33132
Telephone (305) 479-2299
Facsimile (786) 623-0915
Email: efilings@shamisgentile.com

By:   */s/ Andrew J. Shamis*
Andrew J. Shamis, Esq.
Florida Bar No. 101754